**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**VEANA SHACKELTON,**

                **Plaintiff,**

v.                                        1:04-CV-1353
                                            (NAM/GJD)

**COMMISSIONER OF SOCIAL SECURITY,**

                **Defendant.**
_____

**APPEARANCES:**                                 **OF COUNSEL:**

Office of Peter M. Margolius               Peter M. Margolius, Esq.
7 Howard Street
Catskill, NY 12414

*For Defendant*
Glenn T. Suddaby                            William H. Pease
United States Attorney for the             Assistant United States Attorney
Northern District of New York
P.O. Box 7198
100 S. Clinton Street
Syracuse, New York 13261-7198

Office of General Counsel                   Barbara L. Spivak
Social Security Administration             Chief Counsel, Region II
26 Federal Plaza
New York, New York 10278                Susan Reiss
                                                          Assistant Regional Counsel

**Norman A. Mordue, Chief Judge:**

**MEMORANDUM-DECISION AND ORDER**

    **I.**     **INTRODUCTION**

Plaintiff Veana Shackelton brings this action pursuant to 42 U.S.C. § 405(g) and

1383(c)(3) of the Social Security Act, seeking review of the Commissioner of Social Security's

decision to deny her application for Supplemental Security Income (SSI) benefits.  This matter was referred to United States Magistrate Judge Gustave J. Di Bianco for a Report-Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(d).  Magistrate Judge Di Bianco recommended that this Court affirm the Commissioner's decision denying disability benefits and dismiss the complaint.  Presently before the Court is plaintiff's objection to the Report and Recommendation.

**II.     DISCUSSION**

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court engages in a *de novo* review of any part of a magistrate judge's report-recommendation to which a party specifically objects.  Failure to object timely to any portion of a magistrate's report-recommendation operates as a waiver of further judicial review of those matters.  *See Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir. 1993); *Small v. Secretary of Health & Human Serv.*, 892 F.2d 15, 16 (2d Cir. 1989).   When, however, "parties make only frivolous, conclusive or general objections, the court reviews the report-recommendation for clear error."  *See Brown v. Peters*, No. Civ.A 95CV 1641RSPDS, 1997 WL 599355 at *2 (N.D.N.Y. 1997) (citing *Camardo v. General Motors Hourly-Rate Employees Pension Plan*, 806 F.Supp. 380, 382 (W.D.N.Y. 1992) (court need not consider objections which are frivolous, conclusive, or general and constitute a rehashing of the same arguments and positions taken in original pleadings)); *see also Greene v. WCI Holdings Corp.*, 956 F.Supp. 509, 513 (S.D.N.Y.1997).

Plaintiff, who is represented by counsel, filed a letter objecting to the Report-Recommendation, which states in pertinent part:

> Please consider this an objection to the 4/10/06 Report and Recommendation that the final decision of the Commissioner be affirmed and the complaint be dismissed.
>
> Please note that as of 12/22/05 on essentially the same level of disability including current reports, the claimant has been granted SSI at the lowest administrative level. Therefore, we respectfully request that the final decision of the Commissioner not be affirmed and the case be remanded for a new hearing because for the claimant to be approved at the first administrative level, she must have either met the listings or had an otherwise extremely strong case.

Dkt. no. 11.

Nowhere in the "objection" does plaintiff identify the portion of the Report-Recommendation to which she specifically objects.  Nor does plaintiff offer any legal authority for the proposition that the Court should remand this matter for a new hearing because the Commissioner recently granted her application SSI benefits  - - other than to argue that "she must have either met the listings or had an otherwise extremely strong case."  *See* Local Rule 72.1(c) ("The party must file with the Clerk and serve upon all parties written objections which specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for the objection.").  Since plaintiff fails to make specific objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.  *See Brown*, 1997 WL 599355 at \*3.

The Court carefully reviewed the Report-Recommendation, and finds the Report-Recommendation is well reasoned and is not clearly erroneous.  Accordingly, the Court agrees with and adopts Magistrate Judge Di Bianco's conclusion that the Commissioner's decision should be affirmed.

### III.    CONCLUSION

Based on the foregoing, and for the reasons started in the Report-Recommendation, it is hereby

**ORDERED** that the Report-Recommendation of Magistrate Judge Di Bianco is **ADOPTED** in its entirety; and it is further

**ORDERED** that the Commissioner's decision denying disability benefits is **AFFIRMED** and it is further

**ORDERED** that the complaint is **DISMISSED**.

**IT IS SO ORDERED.**

DATE:  July 5, 2006

Norman A. Mordue
Chief United States District Court Judge